UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 21 Cr. 73-1 (BAH) |
| v. | : | |
| NICHOLAS DECARLO | : | |
| Defendant. | : | |

**DEFENDANT'S SECOND MOTION TO
<u>MODIFY RELEASE CONDITIONS</u>**

**INTRODUCTION**

Defendant Nicolas DeCarlo respectfully moves this Court to modify his conditions of release and remove the requirement of GPS monitoring and curfew. Undersigned has consulted with the prosecutor assigned to this case, who objects to the defense request. As explained herein, the defendant is charged in this case with what can be fairly characterized as relatively minor offenses, particularly in comparison to the charges against other defendants involved in the January 6, 2021 events. The Government does not allege that Mr. DeCarlo participated – directly or indirectly - in any violence against another person during the events that led to his arrest. Under the totality of the circumstances, Mr. DeCarlo does not pose either a danger to the safety of the community or a flight risk and neither GPS monitoring, nor a curfew, is required or necessary. Notably, the co-defendant in this case was released on his personal recognizance without GPS monitoring or a curfew.

**FACTUAL BACKGROUND**

The defendant made his initial appearance in this case on January 15, 2021, at which time the Government did not move for pretrial detention. Rather, he was released subject to certain conditions, including GPS monitoring, a curfew, and regular reporting to Pretrial Services. His

physical movement was originally restricted to the Northern District of Texas with the specific requirement that he not travel to the District of Columbia except to meet with defense counsel or to attend court proceedings. <u>See</u> DE 27. This Court thereafter granted the defendant's Unopposed Motion To Modify Pretrial Release and he was granted permission to travel outside of the Northern District of Texas for purposes of employment. <u>See</u> DE 30. Undersigned has personally confirmed that to date, the defendant has been in compliance with his conditions of release.

Mr. DeCarlo is self-employed and has two prior misdemeanor marijuana possession convictions. At the time of his initial appearance, he consented to GPS monitoring and a curfew in order to obtain his freedom. Given his compliance with the conditions of release during the past three months, the defense believes that these conditions of release are no longer necessary.

## LEGAL ANALYSIS

The federal bail statute grants this Court the authority to release the defendant upon the "least restrictive" combination of conditions necessary to assure his appearance and the safety of the community. 18 U.S.C. Section 3141(c). In reaching this decision, the Court should consider: (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the defendant's personal characteristics; and (4) whether release would pose a danger to the community or risk of flight. The Government must establish the risk of flight component by a preponderance of the evidence and dangerousness by "clear and convincing" evidence. <u>United States v. Karni</u>, 298 F.Supp.2d 129, 131 (D.D.C. 2004).

In this case, the Government has never been obliged to make a showing with respect to either of these two factors, but the defense does not believe that there is any basis to justify the continued GPS monitoring and/or a curfew. With respect to danger, the defendant is not charged

with a committing violence against any person during the alleged offenses and has no history of violence.

As to the issue of flight, the defendant has been in compliance with his release conditions over the course of the last three months and intends to continue to do so in the future. Given the relatively minor nature of the offenses, the defendant has no motive to flee or otherwise abscond.[1] As noted, the co-defendant in this case was released on personal recognizance to live in Hawaii, without curfew or GPS monitoring and it is hard to think of a principled reason why Mr. DeCarlo should not be similarly situated. The defendant will agree to remain in compliance with all of the other remaining conditions of release, particularly not to travel to the Washington, D.C. area except for meetings with counsel and/or court appearances.

## CONCLUSION

For all of these reasons, the defense respectfully requests that this motion to modify release conditions be granted.

An appropriate draft Order is attached hereto for the Court's consideration.

Respectfully submitted,

*Robert Feitel*

_____
Robert Feitel, Esquire
Law Office of Robert Feitel
1300 Pennsylvania Avenue, N.W.
#190-515
Washington, D.C.  20004
D.C. Bar No. 366673
202-450-6133 (office)

_____

[1] The GPS monitoring and the curfew are also likely to continue for a significant period of time. As of the filing of this motion, the Government has not yet provided any discovery in this case and although it is expected to make discovery available in the very near future, given the anticipated size of the production and the limits imposed by the Government's Protective Order, a careful review will take several months at least.

202-255-6637 (cellular)
RF@RFeitelLaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was sent via ECF to Assistant United States Attorney Christopher Berridge, 555 4th Street, N.W. Washington, D.C. this 14th day of April, 2021.

*Robert Feitel*

_____
Robert Feitel