UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Criminal No. 21-cr-73-1 (BAH) |
| : | |
| **NICHOLAS DECARLO** : | |
| : | |
| **Defendant.** : | |

### GOVERNMENT'S RESPONSE TO THE COURT'S MINUTE ORDER DATED APRIL 15, 2021 AND OPPOSITION TO DEFENDANT'S SECOND MOTION TO MODIFY CONDITIONS OF RELEASE

The government hereby responds to the Court's Minute Order, dated April 15, 2021 directing the government to submit its reasons for opposing Defendant DeCarlo's most recent bond modification request (ECF No. 33) filed April 14, 2021.

The defendant is charged by indictment alongside his co-defendant with Conspiracy, Obstruction of an Official Proceeding, Destruction of Government Property, Theft of Government Property, and other charges relating to his unlawful presence in the Capitol during Congress's certification of the 2020 Presidential Election on January 6, 2021. ECF No. 17. The defendants, two self-designated Proud Boys, conspired together to travel to Washington, D.C., fundraise for their respective trips, and agreed to participate in the assault on the Capitol in an effort to sabotage a fundamental pillar of American democracy: the peaceful transition of power.

The defendants presented themselves as content producers for an online brand "Murder the Media" while they joined readily with countless others parading through the Capitol, celebrating chaos they helped create. They boasted about "stopping the steal" both before and after the events of January 6, 2021.



In furtherance of their efforts to disrupt Congress, Defendant DeCarlo, aided and abetted by Defendant Ochs, drew the words "MURDER THE MEDIA" on the Memorial Door on the East Front of the Capitol, a door dedicated to two Capitol Police officers who were killed in the line of duty in 1998.[1]




---

[1] *See* H.Con.Res. 158, 106th Cong. (1999). Full text of Resolution available at: https://www.congress.gov/bill/106th-congress/house-concurrent-resolution/158/text.

At the same door, Defendant DeCarlo rummaged through a Capitol Police bag and stole a pair of flexible handcuffs designated to aid in crowd control.

 

When searching Defendant DeCarlo's residence after obtaining a search warrant, law enforcement not only discovered the flexible handcuffs stolen by DeCarlo, but an additional "trophy" of his and his co-defendant's accomplishments: a framed photograph of the two reveling in DeCarlo's handiwork.

 

The defendant dismisses these crimes committed during and in furtherance of an unprecedented attack on our democracy as "relatively minor" because they do not involve acts of violence against another person. ECF No. 33 at 1, 3. To be sure, the government has not alleged that the defendant committed a violent act against any person. This is, in some part, why the government did not seek the defendant's detention upon arrest for these charges. However, it is not true that these crimes are not serious and that the defendant does not pose any heightened risk of danger to the community or any flight risk that requires heightened supervision. The defendant has not demonstrated any effort to distance himself from the dangerous ideology that led he and his co-defendant to participate in the January 6, 2021 events. Indeed, the opposite is true, as is evidenced by the framed photograph of his criminal exploits on that day. The fact that the defendant was willing to take specific criminal actions based off this ideology and that he has not denounced it is indicative of his heighted danger to the community and the peaceful functioning of government, not just in Washington, D.C. but everywhere.

Further, the defendant himself went on a podcast associated with "Murder the Media" four days after a Complaint and Arrest Warrant were issued against him and discussed how he was hiding from law enforcement.[2] In that same podcast, he claimed that he would "punch a motherfucker in the face in the courtroom" now that he is facing criminal charges along with his co-defendant. These are not the statements of a defendant who has no risk of either flight or danger to the community. GPS monitoring and a curfew are eminently reasonable conditions of release given the defendant's actions during the crime, his actions after the crime, and the statements he

---

[2] "Blackballed Podcast" January 23, 2021. *See* https://www.mediamatters.org/white-nationalism/january-6-insurrectionists-and-other-far-right-figures-are-congregating-gaming.

4

has made since his awareness of the case against him.

Finally, there have been no change in circumstances, other than the passage of time, that would justify these instant modifications. The government has already consented to reasonable adjustments in the defendant's supervision to accommodate employment opportunities. ECF Nos. 29, 30. That the defendant has not occurred infractions is good news, but is also evidence that these restrictions are effective in mitigating the defendant's danger to the community and risk of flight.

For the foregoing reasons, the government requests the defendant's Second Motion to Modify Conditions of Release be denied.

        Respectfully submitted,

        CHANNING D. PHILLIPS
        Acting United States Attorney
        DC Bar No. 415793

By:   */s/Christopher A. Berridge*
        Christopher A. Berridge
        Assistant United States Attorney
        Federal Major Crimes
        GA Bar No. 829103
        555 Fourth Street, N.W.
        Washington, D.C. 20530
        Telephone: (202) 252-6685
        Christopher.Berridge@usdoj.gov