UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-73-BAH |
| : | |
| NICHOLAS DECARLO and : | |
| NICHOLAS OCHS, : | |
| : | |
| Defendants. : | |

**JOINT SUBMISSION IN SUPPORT OF GUILTY PLEA**

As required by paragraph 8 of the Court's standing order (ECF Nos. 19, 20), the parties provide the following information in connection with change of plea hearing scheduled for both defendants on September 9, 2022.[1]

**Standing Order ¶ 8(a): information regarding the plea agreement**

Each defendant has entered into a written plea agreement with the government, and the government provided both plea agreements to chambers by e-mail on August 24, 2022. The plea agreements were entered into pursuant to Rule 11(c)(1)(A), as the defendants intend to plead guilty to Count Two of the superseding indictment (ECF No. 68) and, in consideration of such guilty pleas, the government will move to dismiss the remaining counts of the superseding indictment and will not further prosecute the conduct set forth in each defendant's Statement of Offense.

**Standing Order ¶ 8(b): superseding indictment or new information**

No new information has been filed and no further superseding indictment has been returned in connection with the plea agreement.

---

[1] The government is aware of the Court's August 29 Minute Order regarding video evidence and will submit material in compliance with that order by the deadline tomorrow.

1

**Standing Order ¶ 8(c): elements, factual proffer, statutory penalties, Guidelines range**

The defendants have agreed to plead guilty to Count Two, charging them with obstructing an official proceeding, in violation of 18 U.S.C. § 1512(c)(2). To prove that a defendant is guilty of this offense, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant attempted to or did obstruct or impede an official proceeding;
2. The defendant intended to obstruct or impede the official proceeding;
3. The defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding; and
4. The defendant acted corruptly.

Title 18, United States Code, Section 1515(a)(1)(B) defines "official proceeding" as "a proceeding before the Congress."

Each defendant has signed a Statement of Offense, which is the factual proffer that each defendant is prepared to acknowledge. The government submitted the signed Statements of Offense to the Court by e-mail on August 24, 2022.

As described in each defendant's plea agreement (¶ 1), the maximum penalties for Obstruction of an Official Proceeding are:

1. A term of imprisonment of not more than 20 years;
2. A term of probation of supervised release of not more than 3 years;
3. A fine not to exceed $250,000; and
4. A special assessment of $100.

As also described in the plea agreement (¶ 5), the estimated applicable Total Offense Level is 22, calculated as follows:

| | | |
|---|---|---|
| U.S.S.G. § 2J1.2(a) | Base Offense Level | **14** |
| U.S.S.G. § 2J1.2(b)(1)(B) | Threatening or causing injury or property damage to obstruct the administration of justice | **+8** |
| U.S.S.G. § 2J1.2(b)(2) | Substantial interference with the administration of justice | **+3** |
| U.S.S.G. § 3E1.1 | Acceptance of responsibility[2] | **-3** |
| | **Total** | **22** |

The government estimates that Nicholas DeCarlo has one criminal history point under U.S.S.G. § 4A1.1, resulting from a 2019 conviction for possession of marijuana, for which he was sentenced to two days' jail. The government estimates that Nicholas Ochs has zero criminal history points. Therefore, the government estimates that each defendant is in Criminal History Category I.

Accordingly, for each defendant, the estimated Guidelines range (corresponding to Total Offense Level 22 and Criminal History Category I) is 41 to 51 months' imprisonment. In addition, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at Total Offense Level 22, the estimated applicable fine range is $15,000 to $150,000.

**Standing Order ¶ 8(d): whether defendant is a non-citizen pleading to an "aggravated felony"**

The defendants are U.S. citizens.

---

[2] This calculation assumes that the defendants will continue to demonstrate acceptance of responsibility, as described in paragraph 5 of the plea agreement, and will therefore qualify for a three-point reduction.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052


By: ___/s/ Alexis Loeb_____
    Alexis Loeb
    Assistant United States Attorney
    Detailed to USAO-DC
    CA Bar No. 269895
    450 Golden Gate Ave., 11th Floor
    San Francisco, CA 94102
    Tel: 415-436-7168
    Email: Alexis.Loeb@usdoj.gov

 By: /s/ *Robert Feitel*
 Robert Feitel, Esq.
 Law Office of Robert Feitel
 1300 Pennsylvania Ave. NW
 #190-515
 Washington, D.C.  20004
 D.C. Bar No. 366673
 Tel. 202-450-6133 (office)
 Email: RF@RFeitelLaw.com
 *Attorney for Nicholas DeCarlo*


 By: /s/ *Edward B. MacMahon, Jr.*
 Edward B. MacMahon, Jr., PLC
 P.O. Box 25
 107 East Washington Street
 Middleburg, Virginia 20118
 Washington, D.C.  20004
 D.C. Bar No. 366673
 Tel. 540-687-3902
 Fax 540-687-6366
 Email: Ebmjr@macmahon-law.com
 *Attorney for Nicholas R. Ochs*