UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 21 Cr. 73-1 (BAH) |
| v. | : | Case No. 21 Cr. 73-2 (BAH) |
| NICHOLAS DECARLO | : | |
| and | : | |
| NICHOLAS OCHS | : | |
| Defendant. | : | |

**DEFENDANT DECARLO AND OCHS**
**MOTION FOR POST-CONVICTION RELIEF**

**INTRODUCTION**

Defendants Nicholas DeCarlo and Nicholas Ochs respectfully move this Court for a writ of *habeas corpus* to: (1) vacate their convictions for Obstruction of An Official Proceeding, in violation of 18 United States Code Section 1512(c); and (2) order their immediate release from custody. The Government's theory of obstruction in this case was always predicated upon the defendants' physical presence inside of the United Staes Capitol. The Supreme Court's recent decision in Fischer v. United States, 2024 WL 3208034 (June 28, 2024), however, interpreted the obstruction statute to require proof that the defendant

> impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so

Fischer, *10.

In this case, the operative portions of the *Statement of Facts* (SOF) drafted by the Government – and agreed to by both defendants - does not provide any basis for concluding that

1

their conduct affected (or attempted to affect) record, documents, or objects.[1] The Indictment itself is most likely void *ab initio*, and at a minimum, the guilty pleas cannot stand, and *habeas* relief is necessary to prevent a continuing injustice.

## RELEVANT FACTUAL BACKGROUND

Defendants DeCarlo and Ochs pled guilty before this Court on September 9, 2022, to Count Two of the Superseding Indictment, which charged them with Obstruction Of An Official Proceeding, in violation of 18 U.S.C. Section 1512(c)(2). That statute criminalizes the following conduct:

Whoever corruptly—

> **(1)** alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
> **(2)** otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

Both plea agreements in this case provided that the accompanying Statement of Facts "fairly and accurately describes your client's actions and involvement in the offense(s) to which your client is pleading guilty."

The Statement(s) of Fact are divided into several sections. They begin with a summary of the January 6, 2021, electoral college certification and an overview of the conduct that led to the adjournment of the proceeding. The SOFs then describes the defendants' specific conduct inside of the Capitol.[2] They state in relevant part:

> 13.  At approximately 2:12 p.m., DeCarlo and Ochs climbed stairs to the Upper West Terrace. At approximately 2:23 p.m., OCHS and DeCarlo entered the Capitol through the Senate Wing Doors. They walked down a hallway, through an atrium, and arrived at the Crypt of the Capitol at approximately 2:26 p.m.

---

[1] The SOF for defendant DeCarlo is located at DE 79 and the SOF for defendant Ochs at DE 82.
[2] The two Statements of Fact are identical with respect to the defendants' conduct inside of the Capitol. They differ only as to the personal history of each defendant and how each defendant traveled to the Washington, D.C. metropolitan area before January 6, 2021. The operative facts of the offense are identical.

. . . .

15.  OCHS and DeCarlo then moved to the Crypt's East Lobby which led towards the Capitol Visitor's Center. . . . Inside the Capitol DeCarlo and OCHS also traveled through the Capitol Visitor's Center, the East Foyer, the Rotunda, and Statutory Hall.

16.  Inside the Capitol, DeCARLO and Ochs also traveled through the Capitol Visitor's Center, the East Foyer, the Rotunda, and Statuary Hall.  In the East Foyer, at around 2:42 p.m., Ochs and . . . . Less than a minute later, DeCARLO walked from the East Foyer into the Rotunda as well.

17   . . . . At approximately 3:00 p.m., Ochs and DeCARLO walked out of the Capitol Building through the Rotunda Doors.

The Court accepted the guilty pleas and on December 9, 2022, each defendant was sentenced to forty-eight (48) months of incarceration.

## LEGAL ANALYSIS

### A. Post Conviction Relief Is Warranted In These Cases

#### 1.  *The Petition For Habeas Corpus Relief Is Timely Filed*

The federal corpus statute provides an incarcerated inmate with post-conviction relief under the following circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that **the sentence was imposed in violation of the Constitution or laws of the United States**, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, **or is otherwise subject to collateral attack**, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. Section 2255(a)(emphasis added). There is a one-year statute of limitations contained in the statute, but in this case, the time for computing when the time begins to run is

> the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

28 U.S.C. Section 2255(f)(3). Under this provision, the defendants' *habeas* petition in this case is timely filed. The Supreme Court's ruling in *Fischer* limiting the scope of the Obstruction statute

3

to matters involving documents and tangible things established a new rule that protects the defendant's constitutional right to be free from prosecutorial overreaching:

> The Government's reading of Section 1512 would intrude on that deliberate arrangement of constitutional authority over federal crimes, giving prosecutors broad discretion to seek a 20-year maximum sentence for acts Congress saw fit to punish only with far shorter terms of imprisonment—for example, three years for harassment under § 1512(d)(1), or ten years for threatening a juror under § 1503.

Fischer, at *9 (emphasis added).

Under similar circumstances to those presented in this case, the district court in United States v. Duvall, 957 F. Supp. 2d 100 (D. Mass. 2013), granted the defendant's *habeas* petition, even though it was filed more than one year after the imposition of sentence and the expiration of the time for appeal. The district court concluded that subsequent changes in the law concerning what constituted a predicate offense for purposes of the Armed Career Offender statute authorized the post-conviction challenge, noting that:

> Where a conviction and punishment are for an act that the law does not make criminal, "such a circumstance inherently results in a complete miscarriage of justice and present[s] exceptional circumstances that justify collateral relief under § 2255." . . . A viable habeas claim exists under § 2255 where a conviction is rendered invalid by an "intervening change in the law."

Duval, at 105-06 (internal quotations and citations omitted).

As a practical matter, the Supreme Court's decision in *Fischer* casts grave doubt on the validity of the indictments of every defendant charged with Obstruction of An Official Proceeding in connection with the events of January 6, 2021 – except for those defendants (of which undersigned defense counsel is unaware) who corruptly intended to interfere with documents in connection with the electoral vote certification.

Moreover, in this case, the plea agreement is void for failure to adequately advise the defendants of the requisite *mens rea*. The executed Statement(s) of Facts for defendants DeCarlo

4

and Ochs makes no mention of documents, objects or other tangible objects; nor do they even remotely suggest that the defendants intended to corruptly interfere with the processing of any such documents. Rather, the defendants pled guilty because they were physically present in the Capitol – conduct which at the time of the plea was deemed sufficient to satisfy the statute. That is no longer the case.

In Henderson v. Morgan, 426 U.S. 637 (1976), the Supreme Court granted *habeas* relief to a defendant who pled guilty to second degree murder without being informed that the intent to kill the victim was an essential element of the offense. The Court concluded that this failure was fatal to the guilty plea:

> The problem in this case is that the defendant's guilt has been established neither by a finding of guilt beyond a reasonable doubt after trial nor by the defendant's own admission that he is in fact guilty.
> The defendant did not expressly admit that he intended the victim's death (such intent being an element of the crime for which he stands convicted); and his plea of guilty cannot be construed as an implied admission that he intended her death because the District Court has found that he was not told and did not know that intent to kill was an element of the offense with which he was charged

Henderson, 426 U.S. at 649.

In this case, the defendants were not advised – because the prevailing understanding of the law was not correct – that a necessary element of the offense was the intent to "corruptly" obstruct, influence, or impede – by tampering with documents, records, or other objects" in connection with an official proceeding. Accordingly, they did not admit to an essential element of the offense. Their guilty pleas must therefore be vacated. To hold otherwise would mean that the defendant's would unfairly lose the benefit of the Supreme Court's decision as to the meaning and application of 1512(c)(2).

> **2. *This Court Should Order The Defendants Released From Custody While This Motion Is Pending***

Under the circumstances presented by this motion, the defense respectfully requests that this Court immediately vacate defendants DeCarlo and Ochs convictions, or at a minimum order them released from custody while this issue is pending. Undersigned has personally spoken with each of the defendants and they agree to accept a return to their conditions of pre-surrender release. According to the Bureau of Prisons Inmate locator, defendant DeCarlo is currently incarcerated at the Federal Medical Center in Forth Worth, Texas, with an anticipated release date of October 24, 2025. Defendant Ochs is currently incarcerated at the Butner Federal Correctional Facility with a release date of November 4, 2025.

This request is both necessary and appropriate under the unique circumstances of this case. The Supreme Court's decision in *Fischer* overturned the legal theory of the defendants' convictions and there is no basis in the Statement(s) of Fact to even remotely suggest that their conduct renders them guilty of the Obstruction statute.

Moreover, undersigned has learned that in other cases, the Government requested thirty (30) or more days in which to respond to motions for relief post-*Fischer*. See, e.g., *United States v. Sandlin*, 21 Cr. 88 (DLF) at DE 124. The defendants in this case are now wrongly incarcerated; if the United States Department of Justice would like time to consider its response to the *Fischer* decision, then as a matter of fairness, the Department should agree to release the defendants from custody. Any effort to keep these defendants to remain incarcerated while this motion is pending only serves to compound the already unjust nature of their convictions.

## CONCLUSION

For all of the reasons set forth herein, defendants Nicholas DeCarlo and Nicholas Ochs, though undersigned counsel request that this Motion be granted, that their convictions for Obstruction of An Official Proceeding be vacated, and that they be released from custody. The defense recognizes that vacating the convictions may not end this criminal case, but any future resolution of the charges can be resolved while the defendants are on release.

An appropriate proposed Order is attached hereto.

Respectfully submitted,

*Robert Feitel*

_____
Robert Feitel, Esquire
1300 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
D.C. Bar No. 366673
202-255-6637 (cellular)
202-450-6133 (office)
RF@RFeitelLaw.com

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a copy of the foregoing was sent via ECF to Assistant United States Attorney (detailee) Alexis Loeb, 555 4th Street, N.W. Washington, D.C. this 9th day of July, 2024 and via email to Assistant United States Attorney Gregory Rosen.

*Robert Feitel*

_____

Robert Feitel