UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 21 Cr. 73-1 (BAH) |
| v. | : | Case No. 21 Cr. 73-2 (BAH) |
| NICHOLAS DECARLO | : | |
| and | : | |
| NICHOLAS OCHS | : | |
| Defendant. | : | |

**DEFENDANT DECARLO AND OCHS**
**MOTION TO TREAT AS CONCEDED**

On July 9, 2024, defendants DeCarlo and Ochs filed a Motion For Post-Conviction relief, seeking their immediate release from custody and dismissal of Count Two of the Superseding Indictment against them. DE 112. Pursuant to Local Rule 7(b), the deadline for the Government to submit an Opposition (or some other responsive pleading) was fourteen (14) days thereafter, or July 23, 2024.

As of the morning of July 24, 2024, the Government has not filed a responsive pleading, nor sought additional time to file. Under Local Rule 7(b) this Court can – and should – treat the defendants' *habeas* petition as conceded and grant the requested relief. The Rule provides that:

> Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. **If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded** (emphasis added).

The Rule is clear and unambiguous and has been applied in other cases where no opposition pleading was filed. See, e.g., <u>Hopkins v. Women's Div., Gen. Bd. of Global Ministries</u>, 284 F.Supp.2d 15, 25 (D.D.C.2003)("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised

by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded"). This Court has previously noted that:

> "[i]n motions practice before this Court, if a non-moving party fails to file an opposing memorandum within 14 days of service of a motion, "the Count may treat the motion as conceded."

Pleasant v. Wilson, 2012 WL 4762543, at *1 (D.D.C. Oct. 5, 2012)(BAH). See also Iweala v. Operational Techs. Servs., Inc., 634 F.Supp.2d 73, 80–81 (D.D.C.2009) (treating as conceded defendants' summary judgment arguments where plaintiff failed to respond in her opposition). In Fox v. American Airlines, Inc., 389 F.3d 1291, 1294 (D.C. Cir. 2004), the Court of Appeals affirmed the trial court's dismissal of a complaint which was treated as conceded when the plaintiff failed to submit a timely opposition.

In this case, there is no doubt that the Government received notice of the defendants' motion. There was an exchange of emails between defense counsel and the prosecutor assigned to this case about the pending motion. Moreover, the defense recently filed a Supplemental Notice in support of the Motion for Post-Conviction Relief. DE 113 (filed July 21, 2024).

The Government's failure to respond within the time frame set out by the local rule warrants the sanction of treating the defendants' motion as conceded. Each defendant in this case remains incarcerated based upon a conviction that cannot stand because of the Supreme Court's decision in *Fischer*. This Court should accordingly order the immediate release from custody of defendant Nicholas DeCarlo and defendant Nicholas Ochs.

Respectfully submitted,

*Robert Feitel*

_____
Robert Feitel, Esquire
1300 Pennsylvania Avenue, N.W.

Washington, D.C.  20004
D.C. Bar No. 366673
202-255-6637 (cellular)
202-450-6133 (office)
RF@RFeitelLaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was sent via ECF to Assistant United States Attorney (detailee) Alexis Loeb, 555 4th Street, N.W. Washington, D.C. this 24th day of July, 2024 and via email to Assistant United States Attorney Gregory Rosen.

*Robert Feitel*

_____
Robert Feitel