UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 21 Cr. 73-1 (BAH) |
| v. | : | Case No. 21 Cr. 73-2 (BAH) |
| NICHOLAS DECARLO | : | |
| and | : | |
| NICHOLAS OCHS | : | |
| Defendant. | : | |

**DEFENDANT DECARLO AND OCHS REPLY IN
SUPORT OF MOTION FOR POST-CONVICTION RELIEF**

In light of this Court's comprehensive ruling with respect to the defendants' Motion For

Pretrial Release pending resolution of their habeas *corpus* petition (DE 120) and the

Government's reliance on the same arguments with respect to a decision on the merits, this reply

pleading will be succinct.[1]

### 1. *Equal Or Greater Offense And Unjustified Windfall/Actual Innocence*

The Government argues that the petitioners must prove their "actual innocence" not only

with respect to the offense of conviction in this case – Obstruction of An Official Proceeding, in

violation of 18 U.S.C. Section 1512(c), but also of any greater or equal charges. In support of

this position, the Government relies on the Supreme Court's decision in <u>Bousley v. United

States</u>, 523 U.S. 614 (1998). The prosecution reads this requirement as ensuring that the

defendants do not receive an "unjustified windfall" as the result of a plea bargain for an offense

of which the accused is no longer guilty of because of a subsequent change in controlling law.

---

[1] The defense respectfully requests that this Court allow the out of time filing of this reply memorandum.
Undersigned counsel was extraordinarily busy with emergency matters (including some before this Court) and filing
deadlines in other cases pending trial, sentencing, or with other motions deadlines.

See United States v. Caso, 723 F.3d 215 (D.C. Cir 2013). The Government also argues that notwithstanding the Department of Justice's *Principles Of Federal Prosecution*, the plea agreement in this case did not require the defendants to plead to the most serious offense, merely the most readily provable one. See DE 121 at p. 25. Finally – and most remarkably – the prosecution still continues to argue that the petitioners are guilty of the Obstruction charge, notwithstanding the clear logic and meaning of the Supreme Court's decision in *Fisher*.

       With respect to the first issue, it is noteworthy that the defendants in both *Bousley* and *Caso* brought their habeas petitions after the expiration of the statute of limitations had run, so the practical effect of setting aside their verdicts was to end the possibility of the Government re-bringing charges against them. In this case, both petitioners DeCarlo and Ochs are charged with criminal conduct that took place on January 6, 2021, which is still well within the five-year statute of limitations for such offenses. Thus, the Government has not been deprived of any opportunity to pursue charges it believes it can prove at trial if this habeas petition were granted.

       In addition, the defense does not agree that the other charges in this case that could – in theory - have been brought by the Government were of equal or greater punishment. The Government's *post hoc* guideline calculation for the offenses of Assault On A Police Officer pursuant to 18 U.C.S. Section 111 and/or Conspiracy To Impede Or Injury A Law Enforcement Officer, in violation of 18 U.S.C. Section 372 is wholly theoretical, particularly as to the alleged use of a dangerous or deadly weapon. The allegedly dangerous "smoke bomb" was not recovered, not subject to any scientific scrutiny and the defense does not believe that the prosecution has even alleged sufficient facts to support the claimed upward adjustments to the defendants' potential sentencing guidelines to support the arguments contained in their Opposition pleading. Moreover, this Court should reject the Government's effort to place the

burden of proof with respect to the devices on the defense. See Gov Opp. at p. 29 (the defendants "assert they threw novelty items without any proof or explanation of . . . . the capabilities of novelty items")(internal quotations omitted).

The petitioners thus respectfully request this Court reject this aspect of the Government's claim or require proof at an evidentiary hearing that the devices were "dangerous or deadly" weapons within the meaning of the sentencing guidelines. Absent the dangerous weapon enhancements, the other theoretical offenses have a lower guideline calculation.

Under the totality of circumstances, it seems clear that the Government entered into a plea agreement for the most serious and readily proven charges possible under the facts of this case. Indeed, the Government admits that the assault charges "carried some litigation risk" (DE 121 at p. 25). The Department of Justice's position in the prosecution of January 6 defendants could not fairly be said to have involved any compromise on charges or plea bargains for the more than fifteen hundred defendants charged as a result of the events at the Capitol.

Finally, for the reasons previously argued by the petitioners, the Government's argument that post-*Fischer*, Messrs. DeCarlo and Ochs are still guilty of the Obstruction charge should be summarily rejected by this Court. The Government's argument is based on nothing more than speculation as to the petitioners' mental state:

> Ochs and DeCarlo fail to carry their burden to show that their conduct falls clearly outside this standard such that no reasonable juror would vote to convict. Ochs and DeCarlo are two politically aware individuals (who followed the election, knew about the certification, hosted political shows on social media, and who explicitly acknowledged that they caused the proceeding to stop by storming the building), who sought to stop the certification, engaged in conduct whose natural, probable, and actual consequence was to impair the availability of records, documents, objects, or other things . . .

DE 121 at p.35. The Government's allegations are virtually identical to the factual allegations

made in the *Fischer* case – and which the Supreme Court deemed insufficient to support the conviction.

For all of these reasons, the defense requests that this Court find that the petitioners have established both factual innocence and that the Government did not forego any charges of greater of equal value.

***Waiver Of Collateral Attack***

The defense argued in its Motion For Release pending resolution of the petitioners'' habeas petition that the Government had not chosen to enforce the collateral attack waiver in other cases. In its denial of the motion, this Court noted that the Government has the discretion as to whether or not to enforce such waivers. DE 120 at pp. 14-15. While the Government may point to some minor distinctions between these petitioners and the defendant in *United States v. Riley*, 21 Cr. 69 (APM), these seems to be distinctions without a difference, particularly where the Government argued that Riley pled to the most serious charged offense – as did petitioners DeCarlo and Ochs. The Government's failure to afford DeCarlo and Ochs an equal opportunity to argue the merits of their habeas petitions because of the collateral attack waiver remains of concern to the petitioners.

For all of these reasons, the petitioners respectfully ask this Court to grant the relief requested herein.

Respectfully submitted,

*Robert Feitel*

_____
Robert Feitel, Esquire
1300 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
D.C. Bar No. 366673
202-255-6637 (cellular)
RF@RFeitelLaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via ECF to Assistant United States Attorney (detailee) Alexis Loeb, 555 4th Street, N.W. Washington, D.C. this 25th day of September, 2024.

*Robert Feitel*

_____

Robert Feitel