UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-73 (BAH) |
| v. : | |
| : | |
| NICHOLAS DECARLO and : | |
| NICHOLAS OCHS, : | |
| : | |
| Defendants. : | |

## JOINT MOTION TO CONTINUE

The United States of America, by and through its undersigned attorney, the United States Attorney for the District of Columbia, and the defendants, through counsel Robert Feitel[1], hereby submit this Joint Motion to Continue the Status Conference scheduled for January 10, 2025, at 11:00 a.m. until on or after January 23, 2025. In support of this motion, the parties respectfully submit the following:

- On November 20, 2024, the government issued plea offers to the defendants with an expiration of December 13, 2024. Counsel for Defendant Nicholas DeCarlo, Robert Feitel, has advised the government that Mr. DeCarlo has rejected the plea offer. Mr. Feitel has communicated the offer to Mr. Ochs, but Mr. Feitel advises that he does not represent Mr. Ochs in this matter.

- As noted in the Joint Status Report filed at ECF 126, the government intends to proceed with the remaining charges in the Superseding Indictment, and the government intends to seek additional charges based on the defendants' conduct. *See* ECF 121 at 24-33 (discussing criminal violations of 18 U.S.C. §§ 111(b),

---

[1] As noted herein, Robert Feitel represented both defendants during the pendency of the defendants' appeal following the passing of Nicholas Och's counsel, Edward MacMahon.

231(a)(3), and 372). The government arranged to seek the return of such indictment prior to January 10, 2025; however, the unanticipated closure of the Courts on January 9, 2025, as a National Day of Mourning to honor former President Jimmy Carter, has disrupted the government's scheduled plans.

- Following the passing of Edward MacMahon, counsel Robert Feitel represented both defendants during the pendency of the defendants' appeal. *See* ECF 111 (Notice of Appearance) and 112 (Motion to Vacate under 28 U.S.C. § 2255). As of this filing, Mr. Ochs has not secured independent representation.

In light of the foregoing, the parties respectfully request that this Court schedule an arraignment and status hearing for on or after January 23, 2025. The parties further respectfully request that this Court extend its stay of vacatur until the arraignment and status hearing. The parties further respectfully request that this Court toll time under the Speedy Trial Act because the ends of justice served by tolling time outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h). Specifically, the parties submit that the additional time will allow Defendant Ochs time to retain separate counsel and allow time for the government to seek a superseding indictment to add additional charges.[2]

---

[2] The parties also note that, in the unique circumstances presented here, the Speedy Trial Act permits the Court to extend the time to bring the case to trial to one hundred and eighty days from the date the action occasioning the trial becomes final "if the unavailability of witnesses or other factors resulting from the passage of time shall make trial within seventy days impractical." 18 U.S.C. § 3161(d)(2). The parties have not formulated their respective positions on this provision at this time.

                                                    Respectfully submitted,

                                                    MATTHEW M. GRAVES  
                                                    United States Attorney  
                                                    D.C. Bar Number 481052

By:     /s/ *Jason McCullough*  
          JASON B.A. McCULLOUGH  
          DC Bar No. 998006; NY Bar No. 4544953  
          Assistant United States Attorney  
          601 D Street NW  
          Washington, DC 20530  
          (202) 252-7233  
          jason.mccullough2@usdoj.gov